# James *versus* Everly.

A married woman cannot part with her interest in lands by a contract in which her husband does not join.

ERROR to the Court of Common Pleas of *Clinton County.*

Ejectment for purchase money.

The facts appear in the opinion of the court delivered by

BLACK, J.—The plaintiff's title to the land in dispute was clear and unquestionable. It had been devised to her for and during her natural life, and after her death to her heirs and assigns. This gave her an estate in fee simple. The defendant alleged that she and two of her daughters had made an agreement to sell and convey the land to Hansel & Miller under whom he claimed; the plaintiff and both the daughters were at the time of the agreement married women. The subscribing witness swore that he had not seen Hansel & Miller sign the agreement. It was dated 18th September, 1850, and it appeared from the offer of the plaintiff that Hansel & Miller attached their names to it on the 27th day of June, 1851, in such a manner that the signature of the witnesses would seem to attest the execution of the paper by all the parties on the day of its date, and this would have been the legal influence from proof of his handwriting if he had died or removed from the State. In the mean time they had given Mrs. James notice that they would not sign the agreement at all. They had taken a lease of the property from the committee of Mrs. James' husband, who was a lunatic, and, by consent of all parties, the written contract of sale was to be burnt. The court admitted the agreement, rejected the evidence tendered to show its non-execution and subsequent recission, and directed a verdict for plaintiff—the purchasers to be released on payment of so much of the purchase money as was then due and unpaid.

After this statement of the facts we have not much to say about the case, except that it is all wrong. A married woman cannot part with her interest in lands by a contract in which her husband does not join. The act of 1770 is in full force. Even if she had been *sui juris* and capable of conveying away her estate, this would not have been a binding agreement, assuming, as we must do, that the offer of the plaintiffs would have been sustained by the proof .the contract was not assented to by the vendees at the time the paper was signed by Mrs. James. It was clandestinely executed by them in such a manner as to give it a false appearance, and that too after the whole bargain had been rescinded by mutual consent. The plaintiff was clearly entitled to an unconditional verdict for the whole land.

Judgment reversed, and *venire facias de novo* awarded.